JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

17 - CV - 4413

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| DiSabatino, Gregory | Southern Glazer's Wine and Spirits LLC<br>Southern Glazer's Wine and Spirits of<br>Pennsylvania LLC |

**(b)** County of Residence of First Listed Plaintiff   Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Miami-Dade
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brian J. Foley, Attorney at Law; 6701 Germantown
Ave, Ste 200; Philadelphia, PA 19119; 267-930-4425

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government
Plaintiff
- ☒ 3  Federal Question
*(U.S. Government Not a Party)*
- ❏ 2  U.S. Government
Defendant
- ❏ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care / Pharmaceutical | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | | ❏ 385 Property Damage Product Liability | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ☒ 441 Voting | ❏ 463 Alien Detainee | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ☒ 442 Employment | ❏ 510 Motions to Vacate Sentence | | ❏ 871 IRS—Third Party 26 USC 7609 | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Age Discrimination in Employment Act (ADEA)
Brief description of cause:  pretextual termination

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

OCT - 3 2017

DATE   10/03/2017
SIGNATURE OF ATTORNEY OF RECORD   [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:  Gregory DiSabatino, 4331 Concord Road, Aston, PA  19014

Address of Defendant:  Southern Glazer's Wine and Spirits LLC ,  1600 NW 163rd St., Miami, FL 33169; Southern Glazer's Wine and Spirits of Pennsylvania LLC, 460 American Ave., PO Box 60384, King of Prussia, PA 19406-1405

Place of Accident, Incident or Transaction: _____

(Use Reverse Side For Additional Space)

King of Prussia, PA; Pottstown, PA

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐  No☒

Does this case involve multidistrict litigation possibilities?          Yes☐  No☒

RELATED CASE, IF ANY:

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

          Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

          Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?          Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

          Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A.  Federal Question Cases:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____ADEA_____

B.  Diversity Jurisdiction Cases:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, __Brian J. Foley__ , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: __10/03/2017__                    Brian J. Foley                    PA Bar No. 68806

Attorney-at-Law                    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __10/03/2107__                    _____                    PA Bar No. 68806

Attorney-at-Law                    Attorney I.D.#

OCT - 3 2017



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Gregory DiSabatino                               :          CIVIL ACTION
                                                 :
                              v.                 :
                                                 :          **17      4413**
Southern Glazer's Wine and Spirits LLC           :          NO.
and Southern Glazer's Wine and Spirits of:
Pennsylvania LLC

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.           ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                 ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                         ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                            ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( X )


October 3, 2017               Brian J. Foley                    Gregory DiSabatino
_____          _____            _____
**Date**                      **Attorney-at-law**             **Attorney for**
267-930-4425                  267-930-4427                    Brian@BrianJFoleyLaw.com
_____          _____            _____

**Telephone**                 **FAX Number**                  **E-Mail Address**


(Civ. 660) 10/02

JU  - 3 2017



**BRIAN J. FOLEY, Attorney at Law**
BY:     **BRIAN J. FOLEY, ESQ.** (PA ID No. 68806)
6701 Germantown Avenue, Suite 200
Philadelphia, PA  19119
(267) 930-4425
*Attorney for Plaintiff Gregory DiSabatino*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| **GREGORY DiSABATINO** | : | 17    4413 |
| 4331 Concord Road | : | |
| Aston, PA  19014 | : | |
| | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION NO. |
| v. | : | |
| | : | |
| **SOUTHERN GLAZER'S WINE AND SPIRITS LLC** | : | |
| 1600 N.W. 163rd Street | : | |
| Miami, FL 33169-5641 | : | |
| | | |
| and | : | |
| | | |
| **SOUTHERN GLAZER'S WINE AND SPIRITS OF PENNSYLVANIA LLC** | : | |
| 460 American Ave. | : | |
| P.O. Box 60384 | : | JURY TRIAL DEMANDED |
| King of Prussia, PA  19406-1405, | : | |
| | : | |
| Defendants. | : | |

---

## COMPLAINT

## PRELIMINARY STATEMENT

1.     This is an action for an award of damages, liquidated damages, attorneys' fees and other relief on behalf of Plaintiff Gregory DiSabatino, a former employee of Southern Glazer's Wine and Spirits LLC and Southern Glazer's Wine and Spirits of Pennsylvania LLC. Mr. DiSabatino has been harmed by Defendants' age discrimination. This action arises under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, and the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*

## JURISDICTIONAL STATEMENT

2.     This Court has original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. §§ 1331, 1343, and 1391. This Court has supplemental jurisdiction over any Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

3.     All conditions precedent to the institution of this suit have been fulfilled. Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) on or around June 1, 2017 (Charge No. 530-2017-02778), which was dual filed with the Pennsylvania Human Resources Commission (PHRC). On July 6, 2017, the United States Equal Employment Opportunity Commission issued and mailed a Notice of Right to Sue. This action has been filed within 90 days of receipt of this Notice.

## VENUE

4.      This action properly lies in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b), because the claims arose in this judicial district and Defendants conduct business in this judicial district.

## PARTIES

5.      Plaintiff, Gregory DiSabatino (hereinafter "Mr. DiSabatino"), is an adult male citizen and resident of Aston, Pennsylvania.

6.      Southern Glazer's Wine and Spirits LLC ("Southern Glazer's") is a limited liability corporation with a mailing address of 1600 N.W. 163rd Street, Miami, Florida, 33169, and 14911 Quorum Drive, Ste. 150, Dallas, Texas, 75254. Southern Glazer's distributes alcoholic beverages throughout the United States and transacts or has transacted business in the Eastern District of Pennsylvania, specifically through Southern Glazer's PA and providing Southern Glazer's PA with payroll and other managerial functions.

7.      Defendant Southern Glazer's Wine and Spirits of Pennsylvania LLC ("Southern Glazer's PA") is a limited liability corporation with a main office mailing address of 460 American Ave, PO Box 60384, King of Prussia, Pennsylvania, 19406-1405. Southern Glazer's PA distributes wine and spirits beverages in Pennsylvania.

8.     At all relevant times, employees of Defendants Southern Glazer's and Southern Glazer's PA acted as agents and servants for Defendants.

9.     At all relevant times employees of Defendants were acting within the scope of their authority and in the course of employment under the direct control of Defendants.

10.     At all relevant times Defendant Southern Glazer's is and has been an employer employing more than 20 employees.

11.     At all relevant times Defendant Southern Glazer's PA is and has been an employer employing more than 20 employees.

12.     At all relevant times, Defendants Southern Glazer's and Southern Glazer's PA are and have been employers as defined under the Age Discrimination in Employment Act and the Pennsylvania Human Relations Act, and are accordingly subject to the provisions of these laws.

## FACTS

### Mr. DiSabatino's Work History with Defendants

13.     In June, 2012, Mr. DiSabatino, then 55 years old, was hired to work for Defendants, earning $19.50 per hour. While in this position he received raises until he was earning $23.26 per hour. In 2016, he earned about $9,000 in overtime. Until the incident alleged by Defendants as the basis for his termination, he was never involved in any accidents or other incidents where damage to a truck or other property of

4

Defendants was caused. He drove a truck delivering wine and spirits to Pennsylvania Liquor Control Board stores and warehouses in the Philadelphia area exclusively. At all relevant times, he was qualified for this job.

## Pretextual Termination

14.     On Friday, November 11, 2016, Mr. DiSabatino and other drivers for Defendants participated in a "Pre Trip and Post Trip Inspection training" workshop in the morning before setting out on their routes.

15.     At the end of the workshop, Mr. DiSabatino inspected the truck he was to drive that day. He noted on the Driver's Vehicle Inspection Report form that the passenger side cargo door was ajar.

16.     That day, Mr. DiSabatino drove the truck and made his deliveries. To his knowledge, the truck was not in any collision or accident or otherwise damaged during his shift or afterward.

17.     Mr. DiSabatino returned the truck later that day, during the evening. It was dark by then. Mike Murphy, a manager for Defendants, helped him unload the truck. Neither man observed any damage to the truck.

18.     When Mr. DiSabatino next reported to work, Tuesday, November 15, 2016 (drivers drive Tuesdays through Fridays), he was told that the truck he had driven on Friday, November 15, 2016, had been damaged. The alleged damage was that the drivers' side corner cap of the cargo box of the truck had a hole in it about the

5

size of a softball, the rear corner cap of the cargo box was missing, and the cargo box was twisted.

19.     Mr. DiSabatino responded he did not know of any such damage and said that to his knowledge, the truck was not in any collision or accident or otherwise damaged during his shift or afterward. He was shown photographs of the purported damage to at least one of the corner caps. The photographs were unmarked and undated and did not include any markings or any other identifying characteristics that could show they were photographs of the truck Mr. DiSabatino had driven the previous Friday. Mr. DiSabatino was told that this damage had already been repaired.

20.     The purported twisted cargo box was not repaired. The purportedly damaged truck continued to be driven routinely and regularly in the usual course of business and, upon information and belief, was not repaired until sometime in January, 2017.

21.     Defendants terminated Mr. DiSabatino on December 6, 2016, purporting that he was being terminated because he had knowingly failed to report an accident and/or damage to the truck he had driven on November 11, 2016.  Mr. DiSabatino was 61 years old.  At all times, Mr. DiSabatino has maintained that he did not know of any such damage and that to his knowledge the truck was not involved in any sort of collision when it was under his control on November 11, 2016.

6

22.     This termination was pretextual. There was no reliable or credible evidence that Mr. DiSabatino had knowingly failed to report an accident or damage.

23.     At least one other driver for Defendants who is substantially younger in age than Mr. DiSabatino has had numerous accidents, reported and unreported, causing damage to at least one of Defendants' trucks. This driver was not fired or, upon information and belief, otherwise disciplined for any of these accidents.

24.     Upon information and belief, Mr. DiSabatino was replaced by an employee substantially younger than him.

## Pattern and Practice

25.     Defendants have a pattern and practice of age discrimination against its employees. Upon information and belief, they have terminated numerous employees who were over age 40 at the time, because of their age.

## COUNT I

## (AGE DISCRIMINATION IN EMPLOYMENT ACT)

26.     Plaintiff Gregory DiSabatino repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

7

27.     Mr. DiSabatino is over forty years of age and an individual within the class protected by the ADEA.

28.     In treating Mr. DiSabatino differently because of his age, disciplining him and terminating his employment because of his age, defendants violated the ADEA.

29.     Defendants intentionally and willfully discriminated against Mr. DiSabatino because of his age.

30.     Defendants' violations were intentional and willful under the circumstances and warrant the imposition of punitive damages.

31.     As a direct and proximate result of defendants' violation of the ADEA, Mr. DiSabatino has sustained the injuries, damages, and losses set forth herein, including a loss of earnings, loss of future earning power, as well as back pay, front pay, the value of various employment benefits, and the interest due thereon, in excess of $150,000, and has incurred attorneys' fees and costs.

32.     Mr. DiSabatino is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and unlawful acts unless and until the Court grants the relief requested herein.

## COUNT II

## (PENNSYLVANIA HUMAN RELATIONS ACT)

33. Plaintiff Gregory DiSabatino repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

34. Based on the foregoing, Defendants have engaged in unlawful employment practices in violation of the PHRA.

35. In treating Mr. DiSabatino differently because of his age, disciplining him and terminating his employment because of his age, Defendants violated the PHRA.

36. As a direct result of Defendants' aforesaid willful and unlawful actions as aforesaid, in violation of the PHRA, Gregory DiSabatino has suffered severe emotional and psychological distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, loss of future earning power, back pay, front pay, the value of various employment benefits, and the interest due thereon, in excess of $150,000, and has incurred attorneys' fees and costs.

**PRAYER FOR RELIEF**

37. Plaintiff Gregory DiSabatino repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

38. WHEREFORE, Plaintiff Gregory DiSabatino respectfully requests that this Court enter judgment in his favor and against the Defendants:

9

a. Declaring that the acts and practices complained of herein are in violation of the Age Discrimination in Employment Act;

b. Declaring that the acts and practices complained of herein are in violation of the Pennsylvania Human Relations Act;

c. Enjoining and restraining permanently the acts and practices complained of herein;

d. Awarding compensatory damages to Plaintiff to make Plaintiff whole for all past and future lost earnings, benefits and earnings capacity which Plaintiff has suffered and will continue to suffer as a result of Defendants' conduct;

e. Awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures and pain and suffering;

f. Awarding liquidated damages to Plaintiff;

g. Awarding punitive damages to Plaintiff;

h. Awarding attorneys' fees and costs; and

i. Such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Gregory DiSabatino hereby demands trial by jury as to all issues so triable.

10

BRIAN J. FOLEY, ATTORNEY AT LAW

BY: _____

**BRIAN J. FOLEY, ESQUIRE**
Attorney for Plaintiff

Date:  October 3, 2017